In a suit brought to foreclose two mortgages, complainant is now before the court on a motion to strike out the amended answer and counter-claim.
The undisputed facts are as follows:
On January 13th, 1928, Joseph and Rose Macchiarelli, his wife, two of the defendants, executed a second mortgage on one of the tracts in question to secure the sum of $4,500 payable January 13th, 1930, with interest at six per cent. By mesne assignment this mortgage was assigned to complainant in February, 1928. On January 16th, 1930, Joseph and Rose Macchiarelli executed to one Morris Gold a mortgage, which was a third mortgage on the first tract in suit, and a first mortgage on the second tract which is a vacant lot. This mortgage was payable $30 a month, with interest at six per cent. On October 16th, 1931, the Gold mortgage was assigned to complainant. All these mortgages and assignments were duly recorded.
The foreclosure of each mortgage is brought on the ground that taxes and sewer assessments remained unpaid for a sufficient time to allow election that the principal sum of each became due. Approximately half of the principal of the $1,000 mortgage has been paid, but nothing has been paid on the mortgage for $4,500.
The amended answer and counter-claim admits the execution of the two mortgages and denies knowledge or information sufficient to form a belief as to the assignments and the failure to pay taxes and sewer assessments. For a first separate defense it is set up that there was no consideration for the $1,000 mortgage. For a second separate defense it is set up that the mortgage for $1,000 was given in consideration of the agreement of the complainant to extend the payment of the $4,500 mortgage for two years; that defendants have paid to complainant on account of the principal of said $1,000 mortgage the sum of $540, together with interest as it fell due, and that "the said agreement for the execution of said mortgage * * * is corrupt and usurious and contrary to the statute of this state *Page 254 
against usury." The counter-claim is to recover the sum of $600, alleged to have been paid under the corrupt and usurious agreement.
The motion to strike is made on the ground that the defense of usury is improperly pleaded and that the defense of no consideration is false in fact.
Several affidavits were presented on the motion which present a sharp conflict of fact. Complainant and his affidavits are to the effect that the $1,000 mortgage was for an actual loan for that amount for which he gave a check to Joseph and Rose Macchiarelli, which was endorsed by them and cashed in complainant's bank by Joseph Macchiarelli in complainant's presence. He denies that the $1,000 mortgage was given only to secure an extension of the $4,500 mortgage. The defendants' affidavits set forth that complainant threatened foreclosure of the $4,500 mortgage which was then due, and exacted the $1,000 mortgage purely as a bonus for an extension. They assert that complainant did make out a check to their order, it was endorsed by them, and that Joseph Macchiarelli went with complainant to the bank where the check was cashed by complainant, and that defendants never received any money for the check. Both sides agreed there was some difficulty in the bank about cashing the check, since Rose Macchiarelli, who was not present, had endorsed by mark only, and that the paying teller required an endorsement by complainant to guarantee the endorsement by mark. Complainant has an affidavit from the teller in the bank who recalls the difficulty about the endorsement, but who curiously does not state who presented the check for payment or who received the proceeds of the check.
Complainant claims that the defense of usury is improperly pleaded because it fails to allege that the agreement was made with corrupt intent to evade the statute. This objection to this defense would seem to be sound under the decision in Kase v.Bennett, 54 N.J. Eq. 97 (at p. 101). Technical and inequitable defenses are not favored, and it is within the power of the court to refuse an amendment to an answer setting up a defense not originally pleaded. In this suit, *Page 255 
however, the defense of usury was attempted to be pleaded, however insufficiently. Under rules 67 and 68, the court has full power to allow objections to any pleading to stand over until the hearing, and to permit the defendant to answer the bill.
With the direct conflict as to the facts involved, I do not feel that the court should find on affidavits alone that there is no truth in the defense. This is especially true, since certain circumstances seem to lend somewhat of corroboration to defendants' version. It would seem from the bill of complaint itself that the payment of the $4,500 mortgage was extended, since by its terms it became due on January 13th, 1930, yet the ground for foreclosure is not that the principal sum was due, but that taxes and assessments were not paid in 1931. No explanation is given by complainant as to why defendants should be borrowing $1,000 from him three days after the $4,500 mortgage became due. No explanation is given as to why complainant should lend the $1,000 and take a mortgage in someone else's name. All these circumstances dovetail with defendants' version.
Under the circumstances I feel that the application to strike should be held over until final hearing, with leave to defendants, if so advised, to amend the answer so as to plead the defense of usury with technical accuracy.